UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN CORRION,

    Petitioner,

v.

STATE OF MICHIGAN,

    Respondent.
                                     /

Case No. 10-cv-13172

HONORABLE STEPHEN J. MURPHY, III

**ORDER DENYING PETITIONER'S MOTION FOR
RECONSIDERATION** (docket no. 6) **AND
<u>REQUEST FOR INJUCNTION</u>** (docket no. 8)

John Corrion filed a motion asking for reconsideration of the Court's Order of September 9, 2010 ("September 9 Order"), dismissing his prisoner lawsuit under 28 U.S.C. § 1915(g). He claims that the Court incorrectly classified his case as a new lawsuit, rather than an attempt to appeal a prior judgment as void. Corrion has also filed a request for an "urgent immediate injunction" to be entered by the Court. Upon a review of Corrion's petition and the September 9 Order, the Court concludes that Corrion's requests for relief are not meritorious. Accordingly, it will deny both of his motions.

**STANDARD OF REVIEW**

It is an exception to the norm for the Court to grant a motion for reconsideration. *See* E.D. Mich. LR 7.1(h)(3) ("Generally . . . the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication."). To obtain reconsideration, the movant must (1) "demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled" and (2) "show that correcting the defect will result in a different disposition of the case." *Id.* The requirement of a "palpable

defect" limits the Court to revisiting only those errors that are "obvious, clear, unmistakable, manifest, or plain." *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001); *Pakideh v. Ahadi*, 99 F. Supp. 2d 805, 809 (E.D. Mich. 2000) (holding that when the movant "has brought up nothing new — except his displeasure — this court has no proper basis upon which to alter or amend the order previously entered") (quoting *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977)). Therefore, absent a significant error that changes the outcome of a ruling on a motion, the Court will not provide a party with an opportunity to relitigate issues already decided.

## ANALYSIS

The Court concluded in the September 9 Order that Corrion exhausted his ability to bring prisoner claims without paying court filing fees because he is a "three-striker"[1] under the relevant provisions of the Prison Litigation Reform Act. Corrion argues in this motion for reconsider that the Court wrongly framed his application as an "appeal," rather than a "complaint" or other request for a new round of litigation, therefore rendering the PLRA inapplicable. This is wrong on two accounts. First, despite Corrion's insistence to the contrary, this case is not an "appeal," but a new civil action, requesting relief in the form of an order vacating the judgment of the state courts with respect to reimbursement costs for his incarceration. Second, even if the Court were to consider Corrion's petition an "appeal," the Court notes that the "three-striker" statute under which Corrion's claim was dismissed covers "appeals" as well as "actions." Finally, because the application of the "three-striker" statute is not reasonably subject to questioning, there is nothing in this motion that forces

---

[1] A prisoner can bring neither an appeal nor a civil action if he or she "has, on 3 or more prior occasions, while incaracerated or detained . . . brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous . . . unless the prisoner is under imminent danger if serious physical injury." 28 U.S.C. § 1915(g).

2

the Court to reconsider its conclusion that no appeal from the September 9 Order could be taken in good faith. See 28 U.S.C. § 1915(a)(3); see also *McGore v. Wrigglesworth*, 114 F.3d 601, 610–11 (6th Cir. 1997). Because the Court finds no error in its dismissal of Corrion's complaint, it has no basis on which to consider his request for an injunction.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Corrion's motion for reconsideration (docket no. 6) is **DENIED**. **THIS CASE IS CLOSED. NO FURTHER PETITIONS, MOTIONS, OR APPLICATIONS FOR RELIEF WILL BE CONSIDERED.**

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: November 22, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 22, 2010, by electronic and/or ordinary mail.

Alissa Greer
Case Manager